IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD S. LEESEBERG, individually ) <br> and on behalf of others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONVERTED ORGANICS INC., ) <br> ) <br> Defendant. ) <br> _____ ) | C.A. No. 08-926-GMS |

## **MEMORANDUM**

### I. INTRODUCTION

On December 9, 2008, Gerald S. Leeseberg ("Leeseberg") filed this lawsuit against Converted Organics, Inc. ("Converted"). In his complaint, Leeseberg sought actual damages and liquidated damages for an alleged breach of contract, conversion, unjust enrichment and breach of the implied covenant of good faith against Converted. (D.I. 1.) On October 7, 2009, the court dismissed Leeseberg's claims for conversion, unjust enrichment and breach of the implied covenant of good faith and fair dealing. (D.I. 15.) Presently before the court is Leeseberg's motion for class certification (D.I. 24) and Converted's motion to strike parts of the reply brief or, in the alternative, for leave to file a surreply brief (D.I. 44). For the reasons that follow, the court will deny Leeseberg's motion for class certification and grant Converted's motion to strike.

## II. BACKGROUND[1]

On April 11, 2006, Leeseberg and Converted entered into the Financing Terms Agreement for the Sale of Bridge Notes and Bridge Equity Units (the "FTA"), pursuant to which Leeseberg and the other purchasers were collectively issued 293,629 shares of common stock and the same number of redeemable Class A and non-redeemable Class B warrants for their Bridge Equity Units. (D.I. 1 at ¶¶ 1-2.) Because the Bridge Equity Units were restricted securities, the FTA required Converted to file a resale registration statement within a certain time frame. (Id. at ¶ 3.) In the event that Converted failed to timely register, Converted would be obligated to pay a 2% cash late fee to Leeseberg for each month or part thereof past the deadline to timely register. (Id.)

Leeseberg filed this action on December 9, 2008, claiming that Converted breached the FTA when it failed to meet the registration deadlines specified in the FTA. (D.I. 1 at ¶ 27.) Specifically, he alleges that the registration statement was declared effective on June 16, 2008, which was 245 days after the deadline. (Id. at ¶ 29.) Leeseberg seeks to certify a class of fifty-nine members, representing those who purchased Bridge Equity Units pursuant to the FTA. (D.I. 41 at 3.)

---

[1] A more detailed summary of the factual background that sets forth facts relevant to the Financing Terms Agreement and the breach of contract claim can be found in the court's previous opinion in this case. *See Leeseberg v. Converted Organics Inc.*, C.A. No. 08-926-GMS, 2009 WL 3232778 (D. Del. Oct. 7, 2009).

2

## III. STANDARD OF REVIEW

Rule 23(a) of the Federal Rules of Civil Procedure provides that members of a class may only sue on behalf of a class if: (1) the class is so numerous that joinder is impractical; (2) there are common questions of law or fact; (3) the claims of the representative parties are typical of the class; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). A class may only be certified if all four elements of Rule 23(a) are met and at least one part of Rule 23(b) are met. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008); *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994).

Under Rule 23(b)(3), two additional requirements must be met for class certification: (1) common questions must predominate over questions affecting only individual members; and (2) class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). The following factors are relevant to this inquiry: (a) the interest of members of the class individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of the class action. *Id.* at 615-16.

## IV. DISCUSSION

In the instant case, the parties' dispute centers on three of the requirements for class certification: (1) the numerosity requirement pursuant to Rule 23(a); (2) the predominance requirement pursuant to Rule 23(b)(3); and (3) the superiority of the class action method

pursuant to Rule 23(b)(3).

### A. Numerosity

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168 (3d Cir. 2001); Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement," but the Third Circuit generally has approved classes of forty or more. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989). Other relevant factors in the numerosity inquiry include the "ease of identifying members and determining addresses, the ease of service on members if joined, geographical dispersion and whether proposed members of the class would be able to pursue remedies on an individual basis." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 74 (D.N.J. 1993).

According to Leeseberg, the numerosity requirement is met because fifty-nine potential plaintiffs exist, and the Third Circuit holds that generally, potential numbers of forty or more are certifiable. (D.I. 25 at 9.) In response, Converted contends that fifty-nine potential class members is insufficient to establish the numerosity requirement because they are concentrated in specific geographic areas, and as sophisticated investors, they are capable of protecting and defending their own interests. (D.I. 41 at 11.) The court concludes that Leeseberg has met the numerosity requirement because the putative class contains fifty-nine members who are geographically dispersed across eleven states. Thus, the requirements of Rule 23(a) have been met.

## B. Predominance

Class treatment is appropriate when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001). Leeseberg contends that the predominance requirement of Rule 23(b)(3) is satisfied because the questions of law or fact common to class members predominate over any questions affecting only individual members.[2] (D.I. 25 at 12.) Leeseberg specifically sets forth three questions of law and fact common to the putative class:

- Whether Defendant failed to timely file a registration statement covering the securities issued to Plaintiff and Class members pursuant to the FTA have that registration declared effective within the times specified therein;

- Whether Defendant breached the FTA by failing to timely file said registration statement and have it declared effective; and

- Whether Plaintiff and Class members have sustained damages, and, if so, the proper measure of those damages.

(Id. at 10.) Converted responds that individual issues regarding proof of injury predominate in this case with respect to Leeseberg's breach of contract claim. (D.I. 41 at 13-14.) Citing *Newton*, 259 F.3d at 189, Converted contends that "[w]hile obstacles to calculating damages may not preclude class certification, the putative class must first demonstrate economic loss on a

---

[2] The court declines to consider Leeseberg's arguments concerning the Lock-Up Agreement, which were raised for the first time in Leeseberg's reply brief. *See* D. Del. R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.") The court grants Converted's motion to strike (D.I. 44) on this basis.

5

common basis." (Id. at 15.) According to Converted, each investor must individually show that the highest value of its warrants at the beginning of the restricted period was higher than the value of the warrants after their registration became effective on June 16, 2008. (Id. at 16.) Converted contends that, under this inquiry, the court would have to ascertain which class members sustained an economic loss on an individual basis. (Id. at 17.)

The court concludes that Leeseberg has failed to establish the predominance requirement of Rule 23(b)(3) because proof of injury will require individual treatment. To determine whether the class members suffered damages as a result of Converted's alleged breach, it would be necessary to examine whether each particular trade resulted in an economic loss to the investor. *See Newton*, 259 F.3d at 181 n.24. As a result, individual issues as to whether each class member sustained economic injury overwhelm common questions among the class and preclude class certification with respect to actual damages. *See id.* at 189.

### C. Superiority

Although the court concludes that individual issues are predominant with respect to the claims for actual damages, Converted acknowledges that Leeseberg's late fee claim is not precluded based on predominance. (D.I. 41 at 16 n.11.) Thus, the court must consider whether Leeseberg's late fee claim is precluded on the basis of the superiority requirement of Rule 23(b)(3) or whether a class action would represent the best "available method[ ] for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Newton*, 259 F.3d at 191. Leeseberg contends that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy due to the small size of each individual's likely recovery, the nonexistence of other cases brought by class members, the unavailability of other forums to

adjudicate the claims and the manageability of the case as a class action. (D.I. 25 at 13-14.) Converted responds that there is no advantage to be gained by certifying the case as a class action. (D.I. 41 at 18-20.) Specifically, Converted maintains that the class members are wealthy investors with substantial individual claims who could easily bring independent suits. (Id. at 19.) Furthermore, because Delaware is one of the only forums available for this litigation, Converted contends that the putative class members would likely bring their separate suits in this district even if a class is not certified. (Id.) As to the manageability of a class action in this case, Converted notes that Leeseberg has failed to present a trial plan explaining how the individual injury determinations should be made. (Id.)

The court concludes that a class action does not represent the best available method for the fair and efficient adjudication of the late fee claim pursuant to the factors set forth in Rule 23(b)(3)(A)-(D). Specifically, the court concludes that the institution of individual suits to address Leeseberg's claim for actual damages and the institution of a class action to address the late fee claim would create "serious administrative burdens that are incongruous with the efficiencies expected in a class action," and judicial efficiency would be better served by addressing all of the claims in the individual actions. *See Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 446 (E.D. Pa. 2000).

## V. CONCLUSION

For the reasons stated above, Leeseberg's motion for class certification (D.I. 24) is denied and Converted's motion to strike (D.I. 44) is granted. An appropriate order shall issue.

Dated: November 22, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD S. LEESEBERG, individually and on behalf of others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) CONVERTED ORGANICS INC., ) ) Defendant. ) ) | C.A. No. 08-926-GMS |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Leeseberg's motion for class certification (D.I. 24) is DENIED.

2. Converted's motion to strike parts of Leeseberg's reply brief (D.I. 44) is GRANTED.

Dated: November 2↑, 2010

CHIEF, UNITED STATES DISTRICT JUDGE